IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

DARNELL DISROE,
MICHAEL LENTINE,
and MICHAEL STARACE,

Defendants.                                              No. 10-30118-DRH

### ORDER

**HERNDON, Chief Judge:**

Before the Court are two motions filed by Defendants Darnell Disroe and Michael Starace. Defendant Disroe has filed a Motion to Continue Trial Setting (Doc. 39) and Defendant Starace has also filed an Unopposed Motion to Continue Trial (Doc. 40). Both Defendants request that the trial currently scheduled for September 27, 2010 be continued for approximately sixty (60) days. Defendant Disroe states that the discovery in this case is voluminous and that Defendant and his counsel need additional time to review the discovery. Further Defendant Disroe points out that reviewing matters with his counsel has been made difficult by the fact that he is currently being held in Florida and is seeking release so that he might address the charges in this Court. Defendant Starace seeks to continue the trial because he was only recently arraigned and needs additional time to review discovery. Neither the Government nor any of the other Defendants object to the motions. Based on the

reasons stated in the motion, the Court finds that the trial should be continued in order to allow Defendants additional time to review discovery and prepare for trial. The Court also finds that pursuant to **18 U.S.C. § 3161(h)(7)(A)** the ends of justice served by the granting of such a continuance outweigh the best interests of the public and *all Defendants* in a speedy trial. To force a Defendant to trial without adequate time to prepare would constitute a miscarriage of justice.

The Court **GRANT**S Defendants Michael Starace and Darnell Disroe's motions to continue trial (Docs. 39 & 40). The Court **CONTINUES** the trial as to *all Defendants* currently set for September 27, 2010 until **November 29, 2010 at 9:00 a.m.** The continuance of trial applies to all non-moving Defendants as well. ***United States v. Baker*, 40 F.3d 154, 159 (7th Cir. 1994) ("'Under § 3161(h)(7), the excludable delay of one defendant may be ascribed to all defendants in the same case, absent severance.'") (quoting *United States v. Tanner*, 941 F.2d 574, 580 (7th Cir. 1991), cert. denied, 502 U.S. 1102, 112 S.Ct. 1190, 117 L.Ed.2d 432 (1992))**. The time from the date the motion was filed, September 13, 2010 until the date on which the trial is rescheduled, November 29, 2010, is excludable for purposes of a speedy trial.

In continuing the trial, the Court also notes that both Defendants Disroe and Starace were previously given twenty-one (21) days from the date of their arraignments in which to file pre-trial motions and complete discovery. According to a recent supreme Court decision, ***Bloate v. United States*, 130 S. Ct.1345**

**(2010)**, delays resulting from pre-trial motion preparation is not automatically excludable under **18 U.S.C. § 3161 (h)(1)**, but requires case-specific findings under **18 U.S.C. § 3161(h)(7)**.  *See Bloate*, **130 S.Ct. at 1352**.  In light of the recent decision, the Court finds that the time granted to Defendants for preparation of pretrial motions and discovery was also excludable under **18 U.S.C. § 3161(h)(7)(A)** as the ends of justice served by the granting of such a continuance outweighed the best interests of the public and Defendants in a speedy trial.  To force a Defendant to trial without adequate time to prepare would have constituted a miscarriage of justice.  Therefore, for purposes of the Orders, granting Defendants twenty-one (21) days in which to complete discovery and file pre-trial motions (Doc. 13 & 30), the Court notes that the time from the dates of arraignment[1] until the dates on which the twenty-one days expired was excludable for purposes of a speedy trial.

Should either party believe that a witness will be required to travel on the Justice Prisoner and Alien Transportation System (JPATS) in order to testify at the trial of this case, a writ should be requested at least two months in advance.

**IT IS SO ORDERED.**

Signed this 15th day of September, 2010.

/s/   *David R Herndon*

**Chief Judge
United States District Court**

---

[1] The Court notes that Defendant Disroe was arraigned on August 4, 2010 and the twenty-one days given him for filing pre-trial motions expired on August 25, 2010.  Defendant Starace was arraigned on September 2, 2010 and the twenty-day allowance for filing pre-trial motions is set to expire on September 23, 2010.